UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.B., by and through his Guardians Ad Litem Eric Baumgardner and Robin Morrisey,<br>Plaintiff,<br>v.<br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br>Defendant. | Case No.: 23-cv-00528-AJB-DDL<br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br>**(Doc. No. 73)** |

Before the Court is a motion to supplement the Administrative Record, filed by Minor Plaintiff L.B. ("Plaintiff"), by and through his guardians ad litem, Eric Baumgardner and Robin Morrisey. (Doc. No. 73.) Defendant San Diego Unified School District ("the District") opposes the motion. (Doc. No. 74.) The Court deems the matter suitable for determination on the papers. *See* CivLR 7.1.d.1. For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated the instant action, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, seeking reversal of the Administrative

Law Judge's ("ALJ") decision in the District's favor. (*See generally* Doc. No. 1, Complaint.) For relief, Plaintiff seeks *inter alia* reimbursement and associated costs of Plaintiff's attendance at two out-of-state residential programs. (*Id.*)

The Court initially denied Plaintiff's motion for summary judgment, affirmed the ALJ's decision, and denied Plaintiff's request for reimbursement and attorneys' fees. (Doc. No. 56.) On appeal, the Ninth Circuit reversed and remanded that action to this Court for further proceedings regarding whether the Individualized Education Plan that the District offered Plaintiff during his private placement from October 9, 2020 to December 2, 2021, met the requirements of a free appropriate public education and, if not, "whether tuition reimbursement, attorneys' fees, compensatory education, or other remedies may be appropriate." *L.B. By & Through Morrisey v. San Diego Unified Sch. Dist.*, 168 F.4th 1150, 1163 (9th Cir. 2026). As a part of that inquiry, the Court "may hold further proceedings regarding [Plaintiff's] right to reimbursement" and "may hear additional evidence at the request of a party[.]" *Id.*

## II. LEGAL STANDARD

When reviewing an administrative hearing decision under IDEA, statutory guidelines provide that the court:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). "'[A]dditional' [is construed] in the ordinary sense of the word to mean supplemental." *Ojai Unified Sch. Dist. v. Jackson* ("*Ojai*"), 4 F.3d 1467, 1472–73 (9th Cir. 1993) (citations omitted). Under Ninth Circuit "precedent, evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings* ("*Pajaro Valley*"), 652 F.3d 999, 1005 (9th Cir. 2011). "The determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to

change the character of the hearing from one of review to a trial *de novo*." *Ojai*, 4 F.3d at 1473 (citation omitted).

## III. DISCUSSION

Plaintiff seeks to supplement the Administrative Record with payment information from Mr. Baumgardner and Ms. Morrisey relating to payments made in interest of the principal amount for L.B.'s private placement in the programs at Whetstone and Trails. (Doc. No. 73 at 2.) Plaintiff argues the financial records reflect the accrual of interest on the tuition payments which are relevant to Plaintiff's requested remedy, occurred subsequent to the administrative hearing, are not cumulative to this appeal, and are otherwise admissible. (*See generally* Doc. No. 73-1 at 11–18.)

The District opposes, arguing that (1) Plaintiff provides no evidence loan interest reimbursement is an available remedy for IDEA cases and (2) the proffered evidence lacks relevancy because it is vague and poorly explained. (*See generally* Doc. No. 74.)

First, the District argues that "[n]o case in the Ninth Circuit has included an award of reimbursement for interest payments on loans taken by parents to pay for private services" because "[l]oan payments are not an educational placement, a related service, or the cost of a placement" which would be "appropriate relief" within the meaning of the IDEA and there is "no evidence that loan interest reimbursement is an available [equitable] remedy that this Court can grant[.]" (*Id.* at 8–9.) Plaintiff points to the language of the IDEA statute "as conferring broad equitable discretion to courts" to support the request for reimbursement of interest paid and accrued on the loan taken out by Plaintiff's parents to pay for the underlying private placement. (Doc. No. 73-1 at 10.) Additionally, Plaintiff states that "[s]ome courts have awarded interest on the reimbursement amount calculated from when parents paid expenses as equitable relief based on the broad discretion in awarding relief granted by the IDEA." (*Id.* at 11 (citing first *JP ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va.*, 641 F. Supp. 2d 499 (E.D. Va. 2009); then *Streck v. Bd. of Educ. of E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411 (2d Cir. 2010)).)

///

Although Plaintiff does not identify any Ninth Circuit authority awarding interest, neither party has identified authority prohibiting the award of interest[1] and other courts beyond this circuit have awarded pre-judgment interest as a part of tuition reimbursement. *See, e.g.*, *B.P. v. Charlotte-Mecklenburg Bd. of Educ.*, No. CIV. 3:06CV445, 2010 WL 1418334, at *9 (W.D.N.C. Apr. 2, 2010) ("The Court finds and concludes that an award of prejudgment interest as to the award for reimbursement of tuition and related expenses is required to fully compensate the Petruks in this case."); *Streck*, 408 F. App'x at 414–15 (holding that "[t]he Strecks are entitled to interest on the tuition, laptop, and neuropsychological evaluation expenses they incurred almost a decade ago," computed "using the standard federal interest calculation methodology in 28 U.S.C. § 1961(a)" running "not from the date of the district court's first decision (as generally prescribed by 28 U.S.C. § 1961(a)), but from the date on which the Strecks actually paid each expense"). Considering the stage of these proceedings and the motion currently before the Court, Plaintiff has made a sufficient argument that the award of interest may be within this Court's equitable discretion when directly incurred on loans withdrawn to pay private tuition.

Second, with regard to relevancy, the District argues that "[t]he amounts claimed in direct payment for private services, the amount claimed by Ms. Morrisey as being paid for out of her first HELOC for those private services, and the balance(s) on Ms. Morrisey's second HELOC both literally and figuratively do not add up." (Doc. No. 74 at 10.) As such, the District asserts that, "[w]ithout evidence of withdrawals from the first HELOC aligned

---

[1] Pursuant to the IDEA, plaintiffs "can pursue injunctive or other prospective relief, including reimbursement for the cost of private education, but not ordinarily monetary damages." *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 910–11 (9th Cir. 2020). "[I]t is an open question whether pre-judgment interest may be obtained in an IDEA case." *T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d 1177, 1207 (S.D. Cal. 2018). The District's stance is that interest on loans taken out to pay private tuition would constitute monetary damages not reimbursement for the cost of private education. The merits of that issue are not fully before the Court on a motion to supplement the record. As such, the Court finds that it would be more appropriately addressed with full briefing on the merits.

to payments for private services" and "[w]ithout a final HELOC account statement for the first HELOC," the documents provided "do not tend to prove that Ms. Morrisey used her HELOC account to fund L.B.'s private services" or "that the second HELOC was used only to pay off the first HELOC." (*Id.*) The District further asserts that "the request for reimbursement lacks other necessary context, such as the interest and repayment length terms of the original HELOC, or why it was deemed necessary to take a second HELOC to pay the first HELOC." (*Id.*)

The District's arguments go to the weight the supplemental evidence should be afforded, not to the evidence's relevance. *See, e.g.*, *A.V. v. Panama-Buena Vista Union Sch. Dist.*, No. 115CV00246MCEJLT, 2017 WL 11490410, at *2 (E.D. Cal. Oct. 31, 2017). "The proper inquiry [i]s whether the [supplemental evidence] [i]s relevant, non-cumulative, and otherwise admissible." *Pajaro Valley*, 652 F.3d at 1006. Here, as argued by Plaintiff, the financial documents are relevant to Plaintiff's request for interest incurred and paid which are a part of his request for reimbursement of the tuition paid. Whether the evidence is sufficient to carry Plaintiff's burden of proof is not a consideration in determining relevancy. Additionally, the supplemental evidence is non-cumulative considering that no evidence regarding interest incurred and paid has been previously submitted. (*See generally* Doc. No. 32 (Administrative Record).) In fact, as noted by Plaintiff, the accumulating interest reflected in this supplemental evidence was incurred after the administrative hearing. (Doc. No. 73-1 at 12.) *See also Ojai*, 4 F.3d at 1473 ("[T]he district court has discretion to admit additional evidence concerning relevant events occurring subsequent to the administrative hearing."). Finally, the District makes no arguments against the admissibility of the supplemental evidence, which is supported by a declaration from Ms. Morrisey averring to her personal knowledge of the origin, accuracy, and unaltered nature of the exhibits. (*Compare* Doc. No. 74 *with* Doc. No. 73-2, Declaration of Robin Morrisey.) Accordingly, the Court finds the supplemental evidence in Exhibits 2 through 11 to be relevant, non-cumulative, and otherwise admissible. *See, e.g.*, *E.C.D. by & through Chery v. San Diego Unified Sch. Dist.*, No. 3:23-CV-00303-

BEN-MSB, 2024 WL 3094631, at *4 (S.D. Cal. June 21, 2024).

## IV. CONCLUSION

The Court finds that the proposed evidence is relevant, non-cumulative, and otherwise admissible. However, as briefing on the merits of this litigation is not yet before the Court, the Court makes no finding as to the weight of Plaintiff's evidence or whether the Ninth Circuit permits the award of interest on loans incurred to pay private tuition as a part of reimbursement for payment of such tuition. Instead, the Court simply holds only that the supplemental evidence is relevant, non-cumulative, and otherwise admissible. Accordingly, the Court **GRANTS** Plaintiff's motion to supplement the Administrative Record with Exhibits 2 through 11.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Hon. Anthony J. Battaglia
United States District Judge